# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PADO, INC.,

      Plaintiff,

v.

SG TRADEMARK HOLDING CO. LLC, *et al.*,

      Defendants.

Case No.: CV 20-01565-CJC(PVCx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 9] AND GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [Dkt. 8]**

## I. INTRODUCTION & BACKGROUND

Plaintiff Pado, Inc. ("Pado") brings this unfair competition and false advertising action against Defendants SG Trademark Holding Co. LLC, Wieder and Friedman Enterprise Inc., Herschel Friedman, Moshe Friedman, and unnamed Does. (Dkt. 1-1

[First Amended Complaint, hereinafter "FAC"].) Defendants are New York citizens and residents. (FAC ¶¶ 11–14.) Together they operate a business that sells a handheld cordless massager called the "Mighty Bliss" on Amazon. (*Id.* ¶ 1.) Pado is a California corporation that sells a competing brand of cordless massagers. (*Id.* ¶¶ 6, 10.)[1]

In the FAC, Pado alleges that Defendants solicited fraudulent reviews on Amazon and pressured consumers to edit negative reviews in exchange for gift cards. (*Id.* ¶ 27.) Defendants also allegedly told consumers that they were a small family run company and that negative reviews would make it hard to provide for their children. (*Id.*) These practices allegedly bolstered Defendants' standing on Amazon and took business away from Pado. (*Id.* ¶¶ 28–31.) Based on these allegations, Pado asserts two causes of action for (1) violations of California's Unfair Competition Law ("UCL), Cal. Bus. & Prof. Code §§17200 *et seq.*, and (2) false advertising, Cal. Bus. & Prof. Code §17500.

Pado filed this action in Los Angeles County Superior Court in January 2020, and Defendants removed to this Court shortly thereafter. (Dkt. 1.) Before the Court are Pado's motion to remand, (Dkt. 9 [hereinafter "MTR"]), and Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative to transfer venue, (Dkt. 8-1 [hereinafter "MTD"]). For the following reasons, Pado's motion to remand is **DENIED** and Defendants' motion to dismiss is **GRANTED**.[2]

//
//

---

[1] In November 2019, Pado filed suit against Defendants in the U.S. District Court for the Eastern District of New York, asserting claims for trademark and patent infringement. (*See* Dkt. 8-3.)

[2] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without hearings. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings set for March 30, 2020 at 1:30 p.m. are hereby vacated and off calendar.

## II. PLAINTIFF'S MOTION TO REMAND

The Court first addresses Plaintiff's motion to remand, which challenges this Court's subject matter jurisdiction. Defendants removed based on this Court's diversity jurisdiction and its jurisdiction over actions related to patents, copyrights, and trademarks under 28 US.C. §§ 1338(a), (b). (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) The Court finds that Defendants have properly invoked this Court's diversity jurisdiction and therefore does not reach the issue of whether it has jurisdiction over this action under 28 US.C. § 1338.

### A. Legal Standard

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). A federal court has diversity jurisdiction over a civil action between citizens of different states, so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### B. Defendants Have Established Diversity Jurisdiction

Pado concedes that there is complete diversity between the parties, but argues that Defendants have not met their burden of showing that the amount in controversy exceeds $75,000. The amount in controversy is the total "amount at stake in the underlying

litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In measuring the amount in controversy, courts assume the allegations in the complaint are true and that the jury will return a verdict in favor of the plaintiff on all claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy). A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

When a defendant initially removes a case, it needs submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the plaintiff contests, or the court questions, the defendant's allegations, "summary-judgment-type evidence" establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B); *Fritsch v. Swift Transp.*, 899 F.3d at 794.

In the FAC, Pado seeks general, specific, and actual damages, punitive and exemplary damages, and attorneys' fees. (FAC, Prayer for Relief.) Specifically, Pado seeks disgorgement of profits for sales related to the fraudulent reviews. (*Id.* ¶ 45.) Pado and Defendants agree that accruing positive product reviews greatly increases a business's visibility on Amazon, and Defendants have presented evidence that their sales increased as a direct result of positive reviews. (*See id.*; FAC ¶ 2.)

Defendants have presented affidavits and financial records showing that disgorgement of profits alone brings the amount in controversy over the jurisdictional

threshold.  Between June 16, 2019 and September 15, 2019, the number of customer reviews for the Mighty Bliss massager increased dramatically—from 70 to nearly 500. (Dkt. 10-7 [Declaration of Moshe Friedman, hereinafter "Friedman Decl."] ¶¶ 8–10.) This 600% increase in product reviews coincided with a similar jump in sales.  During the same three-month period, Defendants sold 3,879 Mighty Bliss massagers for a gross profit of $314,690.  (*Id.* ¶¶ 10–13.)  In the previous three-month period, Defendants only sold 854 units.  (*Id.* ¶ 8.)  Sales and customer reviews have continued to grow since September 2019.  (*Id.* ¶ 15.)  Even if Pado only sought 25% of Defendants' Mighty Bliss profits for this three-month period, the amount in controversy would exceed $75,000. Because Pado also seeks punitive and exemplary damages, the amount in controversy requirement is plainly satisfied here.

Pado argues that this evidence is insufficient because Defendants have not addressed when they began to execute the allegedly fraudulent scheme.  The Court is not persuaded.  Defendants have no obligation to prove their own liability.  *See LaCross*, 775 F.3d at 1202.  The FAC alleges a sophisticated scheme to manipulate customer reviews, but includes *no* allegations about the timeline of the alleged misconduct.  Accepting the truth of these, Defendants' sales during the last nine months are "in controversy," and, therefore, they have satisfied the jurisdictional threshold by a preponderance of the evidence.  *See id.*  Accordingly, Plaintiff's motion to remand is **DENIED**.

## III. DEFENDANT'S MOTION TO DISMISS

Having determined that it has subject matter jurisdiction over the instant dispute, the Court turns to Defendants' motion to dismiss for lack of personal jurisdiction.  It finds that Pado has failed to carry its burden of establishing a *prima facie* basis for personal jurisdiction.

### A. Legal Standard

Federal courts may only decide cases over which they have statutory jurisdiction and where the exercise of jurisdiction comports with due process. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). When subject matter jurisdiction is based on diversity, the district court applies the law of the state in which the court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Because California's long-arm statute, California Civil Procedure Code § 410.10, extends jurisdiction to the limit of federal due process, the Court need only consider due process. *Glencore*, 284 F.3d at 1123. Constitutional due process is satisfied when a nonresident defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises when a defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997). Pado concedes that the Court does not have general jurisdiction over Defendants. (*See* Dkt. 11 [hereinafter "Opp. to MTD"] at 2–4.)

The Ninth Circuit employs a three-part test for assessing whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

(1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

A plaintiff's burden to show personal jurisdiction "varies according to the nature of the pre-trial proceedings in which the jurisdictional question is decided." *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir. 1978). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608–09 (9th Cir. 2010). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." *Id.*; *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (per curiam).

**B.     Pado Has Not Alleged Conduct "Purposefully Directed" at California**

For claims sounding in tort and fraud, a plaintiff must establish that the defendant "purposefully directed" its activities toward the forum state. *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit evaluates purposeful direction under the three-part "effects" test, derived from *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* at 803. The "effects" test requires that the defendant have allegedly "(1) committed an intentional act; (2) expressly

aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). Specific personal jurisdiction must stem from "the defendant's 'own contacts' with the forum, not [from] the defendant's knowledge of a plaintiff's connection to a forum." *Id.* at 1070. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

The FAC does not allege a *prima facie* basis for personal jurisdiction. Instead, it offers conclusory jurisdictional allegations: "this Court has jurisdiction over this Complaint . . . as Defendants conduct commerce in and have sufficient contact with the state of California and County of Los Angeles, and the events, circumstances, and transactions that are the subject of this action arose and/or took place in the County of Los Angeles." (FAC ¶ 19.) It does not specifically identify *any* events or transactions that took place in California. These bare bones assertions are insufficient to establish personal jurisdiction. *See Swartz*, 476 F.3d at 766.

Pado's opposition to Defendants' motion to dismiss and the single declaration it submitted in support do not make up for this deficiency. (*See* Opp. to MTD.) In its opposition, Pado offers the following assertions: (1) Defendants' sales are "fulfilled by Amazon," meaning that Defendants ship their products to Amazon's fulfillment centers for storage and eventual shipment to end consumers; (2) Amazon has more fulfilment centers in California than any other state; and (3) Amazon fulfills orders and sends Defendants' goods to California consumers. (*Id.* at 3–4.) Pado argues this is sufficient to show that Defendants' conduct was "aimed" at California consumers. The Court disagrees.

Pado conveniently ignores the key principle in the Ninth Circuit's "internet jurisdiction" jurisprudence. A passive internet presence does not give rise to personal

jurisdiction. The Ninth Circuit demands "something more." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). The relevant inquiry is whether the Defendants used Amazon "as a means for establishing *regular business* with a remote forum such that a finding of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (quoting *Int'l Shoe*, 326 U.S. at 316) (emphasis added). For example, a court has personal jurisdiction where defendants "conducted regular business with California customers using [an online platform] as a conduit," engaged in a "substantial volume of transactions," and were "actively and affirmatively involved in completing transactions with California consumers." *See Oakley, Inc. v. Donofrio*, 2013 WL 12126017, at *5 (C.D. Cal. June 14, 2013). Under Pado's theory, all "fulfilled by Amazon" sellers could be haled to California by a competing seller. This is not the law.

Pado has not presented any allegations or evidence that Defendants conducted "regular business with California consumers" or that they played an active role in completing any transactions in California. *See id.* Instead, Pado relies on a single declaration from its General Manager, Roger Lim, who testified that he was able to purchase and receive one of Defendants' massagers through Amazon in Valencia, California. (Dkt. 11-1 [hereinafter "Lim Decl."] ¶ 2.) This is not sufficient. It is well settled that a single transaction with an online consumer in the forum state does not give rise to personal jurisdiction. *See Boschetto*, 539 F.3d at 1018–20. Similarly, Lim's testimony that Defendants "market and sell their products to California citizens" is conclusory and vague, and therefore insufficient to support personal jurisdiction. (*See* Lim Decl. ¶ 2); *Swartz*, 476 F.3d at 766.

Pado offers only a sliver of evidence that that Defendants have ever had any direct contact with any California consumers. Lim declares that "[a]fter the sale of Defendants['] products to California, Defendants will then mail a letter to [their]

California customers in an effort to manipulate the reviews that are posted on their Amazon.com product page." (Lim Decl. ¶ 3.) Bizarrely, Pado does not address or even mention this assertion in its opposition. (*See* Opp. to MTD.) Regardless, Lim's declaration is insufficient to establish a *prima facie* basis for personal jurisdiction. First, Lim does not offer any details about the content of the letters or how they attempt to "manipulate" reviews. (*See* Lim Decl.) The Court is left to speculate whether these letters support the allegation that Defendants' conduct targeted California. Second, and perhaps relatedly, Lim does not declare that he *personally* received a letter after buying Defendants' products. (*See id.*) Nor does he offer some other basis for knowledge of Defendants' practices. (*See id.*) Finally, and most importantly, Lim does not identify which of the four named Defendants should be held responsible for these letters. (*See id.*) Generalized allegations about a group of defendants is insufficient to establish personal jurisdiction. *See Swartz*, 476 F.3d at 766; *cf. Oakley*, 2013 WL 12126017, at *5 (finding that "each of the moving Defendants purposefully availed themselves of the privilege of doing business in California because they conducted regular business with California customers using eBay as a conduit"). Pado's opposition makes no attempt to resolve any of these issues.

The Court finds that Pado has not met its burden of presenting *prima facie* allegations or evidence that Defendants "expressly aimed" their conduct at California. *See Axiom Foods*, 874 F.3d at 1069. Accordingly, Defendants' motion to dismiss is **GRANTED.**

//
//
//
//
//

**IV. CONCLUSION**

For the foregoing reasons, Pado's motion to remand is **DENIED**, and Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**. The FAC is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED: March 24, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE